[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Philip Dunn is the chief of police of the town of Rocky Hill. He appeals a decision of the defendant freedom of information commission ordering him to disclose as a public record the journals maintained by the plaintiff's predecessor, Philip Schnabel, after making certain redactions. The commission acted in response to the complaint of defendant Edward Peruta. The plaintiff appeals pursuant to General Statutes § 4-183. The court determines that the case must be remanded to the commission for further proceedings.
The present case is merely one chapter in a protracted conflict between the complainant/defendant, Edward Peruta and the town of Rocky Hill, more specifically its police chiefs. In October 1994, in the commission's docket #FIC 94-118, the commission ordered the plaintiff to disclose to Peruta the journals of the town's former police chief, Philip Schnabel, after redacting information that would be exempt pursuant to the Freedom of Information Act. The journals were lengthy, covering a ten year period and consisting of more than two thousand pages. The plaintiff ultimately complied with the order, furnishing Peruta with the journals, including redactions on 130 pages.
On May 11, 1995, Peruta filed a complaint with the commission alleging that the plaintiff had failed "to properly redact the Schnabel journals." The commission scheduled a hearing on the complaint and, prior to the date of the hearing, it appointed staff attorney Victor Perpetua to act as a liaison or "ombudsman" to facilitate a settlement of the complaint. The letter notifying CT Page 7547 Peruta and the plaintiff of the appointment of Attorney Perpetua contained a disclaimer, stating "Of course, the attorney assigned to a particular case plays no role in rendering a decision on the complaint, should attempts at settlement prove unsuccessful."
The plaintiff, through his attorney, immediately contacted Attorney Perpetua and requested that the complaint, which would be the subject of the forthcoming hearing, state more specifically which redactions were alleged to be improper. Attorney Perpetua did not furnish a more specific statement of the complaint. Instead, he suggested that the plaintiff write directly to Peruta. The plaintiff did so, requesting "a list of the specific redactions which you claim are improper." He stated that such a list of specific complaints was necessary to prepare for the hearing. Peruta did not respond.
One week before the hearing, the plaintiff wrote the commissioner who had been designated to serve as hearing officer and requested a continuance of the hearing until after he received a response from Peruta. The plaintiff asserted that a more specific statement of the complaint, that being "a list specifying the alleged improper redactions," was necessary "in order to properly prepare for the hearing." The plaintiff went on to assert that "To force the (plaintiff) to proceed to a hearing without this information is both unfair and violates basic principles of due process." The hearing officer summarily denied the request for continuance of the hearing.
The hearing convened on June 27, 1995. The plaintiff, through his attorney, immediately renewed his request for a more specific statement of the complaint, "to tell us of the 125 some odd redactions, which ones that he was objecting to so that we could properly prepare and possibly have witnesses here. Not knowing that, and just referring to the journals as `improperly redacted,' I think is not specific enough to provide appropriate guarantees of due process in a hearing such as this where in fact, obviously, we've been told from the beginning, this is our only opportunity to be heard." The plaintiff requested that the hearing be continued until after the complainant furnished a more specific statement of complaint. The hearing officer denied the request and proceeded to conduct the hearing.
During the course of the hearing, it became clear that the complainant, Peruta, was claiming that all of the redactions were improper. He made that claim in large part on the basis that the CT Page 7548 redactions, by their nature, obscured the subject matter so that he was unable precisely to state the basis of his complaint in each case.
At the hearing, the plaintiff and Peruta both testified. The plaintiff presented no evidence to support the myriad redactions in the journal, other than to state generally that his attorney made the redactions or that he made them on the advice of his attorney. Peruta submitted all of the redacted journal entries as evidence (Exhibit A).
Following the hearing, but before issuing a proposed decision, the hearing officer issued an order to the plaintiff directing him to submit 82 unredacted journal entries and a list of all redactions "and the exemption claimed for each redaction" for an in camera inspection.
The plaintiff responded with an objection, contending that he had had no notice prior to the hearing that the documents in question were improperly redacted and thus had not been prepared with evidence to refute the claim. The hearing officer overruled the objection, and the plaintiff then complied with the order.
When the plaintiff furnished the documents to the commission for its in camera review, he and his attorney appended a shorthand statement of the basis of the claimed exemption for each redacted portion. Thus, for the redacted portion of the journal entry of September 14, 1982, the plaintiff merely indicated that it is an "Uncorroborated allegation subject to destruction pursuant to C.G.S. 1-20c." The plaintiff did not include any material — affidavits, for example — to support the claim of exemption.
Following the receipt of the in camera documents, the hearing officer issued a proposed decision. In the proposed decision, the hearing officer found that twenty-two of the redactions made by the plaintiff were proper. The decision then states, "It is also found, however, that the (plaintiff) failed to prove that any of the other redactions . . . either fairly fall within the Commission's order in #94-118 or are otherwise exempt from public disclosure."
The letter transmitting the proposed decision included a notice that the commission would hear oral argument and accept written briefs on the proposed decision at its regular meeting on CT Page 7549 February 28, 1996. The record in this case does not indicate whether the plaintiff or Peruta offered any oral or written argument at the commission's meeting.
Following the February 28 commission meeting, the commission rendered its final decision, essentially adopting the findings and conclusions of the hearing officer as set forth in the proposed decision. These decisions, therefore, are the subject of this appeal.
The plaintiff advances a number of arguments in support of his appeal, but they essentially boil down to the contention that the commission denied him due process of law by not notifying him of the specific redactions in dispute in advance of the hearing. The court agrees with this contention.
The law concerning the notice of hearing required by the Uniform Administrative Procedure Act is set forth in General Statutes § 4-177. That statute prescribes the general notice required in all contested cases as follows:
 (a) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice. (b) The notice shall be in writing and shall include (1) A statement of the time, place, and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the statutes and regulations to be involved; and (4) a short and plain statement of the matters asserted . . . Thereafter, upon application, a more definite and detailed statement shall be furnished.
In the present case, the commission argues that Peruta's initial letter of complaint, which was furnished to the plaintiff in advance of the hearing, sufficiently informed the plaintiff that the plaintiff should be prepared to defend all of the redactions. The court disagrees. As noted, the Peruta complaint merely asserts that the plaintiff failed "to properly redact the Schnabel journals." The plaintiff had made one hundred thirty redactions, spread throughout two thousand pages of the journal. Under these circumstances, the Peruta complaint cannot fairly be interpreted as claiming that each of the one hundred thirty redactions was based on an improper claim of exemption from the CT Page 7550 freedom of information statutes. The Peruta complaint, unclarified, is no more than a general allegation of misfeasance, as, for example, "the collision was caused by the negligence of the defendant." It states a claim but requires more specificity in order fairly to allow the defendant to prepare a defense. The plaintiff in this case was entitled to "a more definite and detailed statement" as provided in § 4-177(b).
The commission next argues that, even if Peruta's complaint did not adequately notify the plaintiff of the matters in dispute, the plaintiff should be foreclosed from raising the issue now because he did not request a more definite and detailed statement, prior to the hearing, in accordance with the statute. The commission's argument is plainly wrong.
After receiving notice of the hearing and a copy of Peruta's one page complaint, the plaintiff immediately contacted Attorney Perpetua, who was presented as a neutral ombudsman, but who was nevertheless at all times an attorney in the full time employ of the commission.[1]
Attorney Perpetua, by way of response, referred the plaintiff to Peruta. As noted, the plaintiff obtained no response from Peruta to his request for a more specific statement of the complaint. Then, as noted, the plaintiff wrote directly to the hearing officer on June 21, 1995, prior to the hearing. Although the plaintiff's letter requests a postponement of the hearing until he receives a more specific statement of the complaint from Peruta, a more specific statement of the complaint from Peruta, its essential meaning in the context of the issue before the court is crystal clear: it is a request for a more definite and detailed statement of the complaint — from whomever can furnish it.
Under the circumstances summarized above, which are undisputed, the court concludes that the plaintiff's repeated requests for a list of the specific redactions that Peruta was claiming were improper constituted an application for "a more definite and detailed statement," within the meaning of §4-177 (b).
The commission includes in its various arguments the assertion that even if the plaintiff had made a proper application for a more definite and detailed statement in accordance with the statute, it would not have been possible for CT Page 7551 the commission or Peruta to have complied. This is because, the commission argues, the redactions obscure their subject matter so it is impossible to determine whether any one redaction is proper or not. This argument misses the point. Peruta and/or the commission could have responded to the plaintiff's requests that each of the redactions was challenged. Such a response would have at least put the plaintiff on notice that he would have to be prepared to defend each and every one of the redactions. That would have been a simple, and adequate, response, but it was never given.
The commission also argues that the plaintiff ultimately had sufficient notice and opportunity to respond to the charges when the commission ordered him to furnish the documents in question for in camera inspection and state "the exemption claimed for each redaction." Such an invitation, however, was obviously not the equivalent of an opportunity to present testimony and perhaps other evidence to prove that a statutory exemption applied to a specific journal entry. And, of course, if the failure to give adequate advance notice of charges could be legally cured during or after the hearing, there would be no need for the provision in § 4-177 requiring a more definite and detailed statement in advance.
"Hearings before administrative agencies, . . . although informal and conducted without regard to the strict rules of evidence, must be conducted so as not to violate the fundamental rules of natural justice." (Citations and internal quotation marks omitted). Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 536 (1987). "Due process of law requires. . . that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Id. See also General Statutes §§4-177c and 4-178.
In the present case, the court concludes that the plaintiff was entitled to a more detailed and definite statement of the complaint; that is, a list of the redactions claimed to be improper. He was entitled to have such a statement in advance of the hearing. He timely requested such a statement. The commission failed to provide such a statement. The plaintiff was prejudiced by the commission's failure to provide the statement in that he was unable adequately to prepare a defense to the complaint. CT Page 7552
The appeal is sustained. Pursuant to General Statutes §4-183 (k), the case is remanded to the commission. The commission is directed to convene a new hearing limited to the issues whether the redactions disallowed in its decision in this case, #FIC95-157, were authorized by applicable law. All parties, including the plaintiff and complainant Peruta, shall have the opportunity to submit evidence and argument on the issues. The commission may re-examine the redactions in camera if it deems such procedure appropriate. Following the new hearing, the commission shall render a new final decision in accordance with applicable provisions of the uniform administrative procedure act.
MALONEY, J.